O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMON DEL FIERRO, | ) | Case No. CV 19-07091DDP (JCx) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS, WITHOUT PREJUDICE** |
| DYNCORP INTERNATIONAL LLC, | ) ) | |
| Defendants. | ) ) | [Dkt. 48, 61] |

Presently before the court is Plaintiff Ramon Del Fierro's Motion for Class Certification (Dkt. 48).  Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following Order.

**I. Background**

Plaintiff worked for Defendant Dyncorp International LLC ("Dyncorp) at the Point Mugu Naval Air Station ("Point Mugu") from December 2016 to July 2019.  (Complaint ¶ 8.)  Plaintiff alleges, on behalf of a putative class, that Dyncorp violated California Labor Code § 226 by failing to provide wage statements that accurately identified the applicable rate of pay and hours worked

for certain "shift premiums."[1] (Compl. ¶ 30.)  Plaintiff now seeks to certify a class comprised of "all current and former California non-exempt employees of Defendant DynCorp International, LLC ("Defendant") who were paid any shift premium wages (including certification premiums) at any time from August 14, 2018, through the date that the class is certified."  (Notice of Motion at 3:15-18.)[2]

Dyncorp points out, and Plaintiff does not dispute, that although Plaintiff was employed at Point Mugu during the relevant class period, fewer than 8% of the putative class members worked at the same base.  (Declaration of Jill Sterner ¶ 4.)  The remaining eighty-plus percent of the prospective class members worked at several other facilities across California, including seven other U.S. military bases: Naval Air Weapons Station China Lake; National Training Center/Fort Irwin; Naval Air Facility El Centro; Marine Corps Air Station Miramar; Naval Air Station Lemoore; Joint Forces Training Base Los Alamitos; and Mather Air Force Base.  (Id.)[3]  The parties differ as to what effect, if any, this range of work locations has on class certification questions.

**II.  Legal Standard**

---

[1] More specifically, Section 226(a)(9) requires that wage statements accurately itemize "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . ." Cal. Lab. Code § 226(a)(9).

[2] Plaintiff's proposed class is not defined anywhere in the memorandum in support of Plaintiff's motion for class certification.

[3] Approximately 89% of the putative class is or was employed at a U.S. military base.  The remaining 11% was employed at an indeterminate number of CAL FIRE facilities as pilots, mechanics, and air support personnel.  (Sternder Decl. ¶ 4.)

2

A party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. See Hanon v. Dataprods. Corp., 976 F.2d 497, 508-09 (9th Cir. 1992). Rule 23(a) sets forth four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); see also Hanon, 976 F.2d at 508. These four requirements are often referred to as numerosity, commonality, typicality, and adequacy. See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982).

In determining the propriety of a class action, the question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). This court, therefore, considers the merits of the underlying claim to the extent that the merits overlap with the Rule 23 requirements, but will not conduct a "mini-trial" or determine at this stage whether Plaintiffs could actually prevail. Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981, 983 n.8 (9th Cir. 2011); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350-51 (2011).

Rule 23(b) defines different types of classes. Leyva v. Medline Indus. Inc., 716 F.3d 510, 512 (9th Cir. 2012). Plaintiff here seeks certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate

over individual questions . . . and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**III. Discussion**

Certain of the Rule 23 factors, such as numerosity and commonality, are not in dispute.[4] The crux of the certification question presently before the court, however, is whether Plaintiff has satisfied the predominance, superiority, and, to a lesser degree, typicality requirements, notwithstanding the fact that putative class members are spread across eight separate military bases.

The work location of a given class member is important, and potentially dispositive, here because of the potential application of the "federal enclave" doctrine. As discussed in further detail in this Court's Order denying Dyncorp's Motion for Judgment on the Pleadings, Congress has exclusive jurisdiction over military bases acquired from state governments. U.S. Const. art. I, § 8, cl. 17. "Generally, when an area in a State becomes a federal enclave, 'only the state law in effect at the time of the transfer of jurisdiction continues in force' as surrogate federal law."

---

[4] The Ninth Circuit has required at least fifteen members to certify a class, and classes of at least forty members are usually found to have satisfied the numerosity requirement. Harik v. Cal. Teachers Ass'n, 326 F.3d 1042, 1051 (9th Cir. 2003); Davis v. Four Seasons Hotel Ltd., 277 F.R.D. 429, 435 (D. Hawaii 2011). Dyncorp does not appear to dispute Plaintiff's estimate that there are over 500 putative class members in this case. As to commonality, "[t]he requirements of Rule 23(a)(2) have been construed permissively, and all questions of fact and law need not be common to satisfy the rule." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir.2011) (internal quotation marks and brackets omitted). Here, there is at the very least a common question as to whether each class member received accurate and adequate wage statements.

4

Parker Drilling Mgmt. Servs., Ltd. v. Newton, 139 S. Ct. 1881, 1890 (2019) (quoting James Stewart & Co. v. Sadrakula, 309 U. S. 94, 100 (1940) (internal alteration omitted)). In some cases, subsequent, relatively minor changes to existing state law may also apply to federal enclaves. Paul v. United States, 371 U.S. 245, 269 (1963).

Plaintiff alleges, on behalf of the putative class, violations of California Labor Code § 226(a)(9).[5] That state law provision, however, only applies within a federal enclave if (1) the enclave was established after the enactment of Section 226(a)(9) or (2) Section 226(a)(9) represents only a minor change to the "basic state law" in effect at the time the enclave was established. Paul, 371 U.S. at 269; see also Allison v. Boeing Laser Tech. Servs., 689 F.3d 1234, 1237 (10th Cir. 2012). Thus, as Plaintiff appears to concede, it will be necessary in this case to determine (1) whether each of the bases at issue here is a federal enclave, (2) when that workplace became a federal enclave, (3) what state law was in force at the time the enclave was established, and (4) the extent to which Section 226(a)(9) alters that pre-existing state law.

Plaintiff nevertheless contends that these questions are irrelevant at this stage of proceedings. (Reply at 8.) Indeed, Rule 23(b)(3) only "requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." Amgen Inc. v. Connecticut

---

[5] Section 226(a)(9) requires that wage statements accurately itemize "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . ." Cal. Lab. Code § 226(a)(9).

5

Ret. Plans & Trust Funds, 568 U.S. 455, 469 (2013). As an initial matter, however, questions as to the applicability of the federal enclave doctrine are not "merits" questions in the traditional sense, and speak less to Dyncorp's actions or liability than to Plaintiff's and class members' standing to bring state law claims in the first instance. Although courts do, in the exercise of discretion, sometimes defer questions of standing until after class certification, courts typically do so only where certification is "logically antecedent" to questions of standing, such as in cases involving application of multiple states' laws, where certification would cure any lack of standing. See Senne v. Kansas City Royals Baseball Corp., 114 F. Supp. 3d 906, 921-25 (N.D. Cal. 2015); In re Carrier IQ, Inc., 78 F. Supp. 3d 1051, 1068-75 (N.D. Cal. 2015); Blyden v. Navient Corp., No. EDCV1402456JGBKKX, 2015 WL 4508069, at *7 (C.D. Cal. July 23, 2015). This is not such a case. Certification of the proposed class would not resolve any questions related to standing, which depend instead on federal enclave analyses.

Furthermore, to the extent standing issues qualify as "merits" issues, this Court cannot simply ignore those issues at this stage, as Plaintiff would suggest. To the contrary, this Court "is required to examine the merits of the underlying claim" to the extent necessary to determine whether common questions exist. Ellis, 657 F.3d at 983 n.8 (emphasis added). Nor would an analysis of the federal enclave issues require a "mini-trial" here, where all of the facts regarding the establishment of an enclave would appear to be matters of public record beyond dispute. Having made virtually no attempt to show whether the

federal enclave doctrine applies uniformly to the putative class members, Plaintiff has failed to satisfy his burden to demonstrate that questions common to the class predominate or that a class action is the most efficient way to resolve class members' claims. For similar reasons, Plaintiff has not established that his claims are typical of those of absent class members.

This is not to say however, that the mere existence of federal enclave questions necessitates the conclusion, as Dyncorp suggests, that individual questions predominate in this case. First, even though resolution of the remaining federal enclave questions may require a separate analysis for each of the seven remaining military bases, these analyses would not require an <u>individualized</u> inquiry as to the status of each or any particular class member.  Furthermore, Plaintiff "need only show that common questions 'predominate' over individual questions, not that common questions exist to the complete exclusion of individual questions."  <u>Nash v. Horizon Freight Sys., Inc.</u>, No. 19-CV-01883-VC, 2020 WL 7640878, at *3 (N.D. Cal. Dec. 23, 2020). To the extent that base-specific, as opposed to class member-specific, inquiries qualify as "individual" questions, the court cannot determine on the current briefing whether such questions are sufficiently complex to predominate over the common questions in this case.  It may be, for example, that there is a relatively straightforward answer to the question whether some or all of the bases at issues here are federal enclaves, and/or whether Section

226(a)(9) applies to those enclaves. As stated above, however, Plaintiff has made no attempt to make such a showing.[6]

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion to Certify Class is DENIED, without prejudice.[7]

IT IS SO ORDERED.

Dated: September 24, 2021

DEAN D. PREGERSON
United States District Judge

---

[6] Dyncorp, for its part, does argue that the answers to the federal enclave questions are not straightforward with respect to at least one base, Fort Irwin. Indeed, courts within this district have come to differing conclusions as to whether Fort Irwin is a federal enclave at all. Compare Hillman v. Leixcon Consulting, Inc., No. LA-16-CV-001186, 2016 WL 10988766, at *7 (C.D. Cal. July 27, 2016) ("The Court concludes that, as a matter of law, Fort Irwin is not a federal enclave.") with Jackson v. Mission Essential Pers., LLC, No. CV 11-1444-R, 2012 WL 13015000, at *3 (C.D. Cal. Apr. 13, 2012) ("It is clear that Fort Irwin became a federal enclave no later than 1944."); see also Graupner v. Lewis Ltd. Consultants, LLC., No. EDCV121388JFWOPX, 2012 WL 12895714, at *4 (C.D. Cal. Oct. 26, 2012) ("[T]he Court concludes that Fort Irwin is not a federal enclave over which the federal government has acquired exclusive jurisdiction.").

[7] Dyncorp also moves for review of the Magistrate Judge's order requiring Dyncorp to provide Plaintiff with a class list. (Dkt. 61). That motion is DENIED. The Magistrate Judge did not clearly err in concluding that the filing of Plaintiff's Motion to Certify Class did not obviate his need for a class list.

8