JS-6

Larry W. Lee (SBN 228175)
lwlee@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class
[Additional Counsel on Next Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DEL FIERRO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DYNCORP INTERNATIONAL LLC, a Limited Liability Company; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:19-cv-07091-DDP-PJWx <br><br> **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT** <br><br> Date: May 13, 2024 <br> Time: 10:00 a.m. <br> Courtroom: 9th Floor, 9C <br> Judge: Hon. Dean D. Pregerson |

1

## <u>ADDITIONAL COUNSEL</u>

2

3  Edward W. Choi, Esq. SBN 211334
   **LAW OFFICES OF CHOI & ASSOCIATES**
4  515 S. Figueroa St., Suite 1250
   Los Angeles, California 90071
5  Telephone: (213) 381-1515
6  Facsimile: (213) 465-4885
   Email: Edward.Choi@choiandassociates.com
7

8  Dennis S. Hyun (State Bar No. 224240)
   **HYUN LEGAL, APC**
9  515 S. Figueroa St., Suite 1250
   Los Angeles, CA 90071
10 Telephone: (213) 488-6555
11 Facsimile: (213) 488-6554
   Email: dhyun@hyunlegal.com
12

13 WILLIAM L. MARDER, ESQ. (CBN 170131)
   **POLARIS LAW GROUP**
14 501 San Benito Street, Suite 200
15 Hollister, CA 95023
   Telephone: (831) 531-4214
16 Facsimile: (831) 634-0333
   Email: bill@polarislawgroup.com
17

18 Attorneys for Plaintiff and the Class

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

Plaintiff RAMON DEL FIERRO's ("Plaintiff") Motion for an Order Granting Final Approval of Class Action Settlement came regularly for hearing on May 13, 2024.

The Court has considered the papers and evidence, including the Class Action Settlement Agreement ("Settlement Agreement" or "Settlement") Dkt. No. 140-2, the arguments of counsel, and all other matters presented to the Court regarding final approval of the settlement, approval of requested allocations from the settlement fund, and entry of final judgment.

## I.    Recitals

### A.    Operation of the Settlement

Pursuant to the Court's December 12, 2023 Preliminary Approval Order, the Court conditionally certified the Class and granted preliminary approval to the settlement. The Preliminary Approval Order also approved of the proposed forms of notice to the Class. The Court entered the Preliminary Approval Order after review and consideration of all of the pleadings filed in connection herewith, and the oral presentations made by counsel at the hearing. In compliance with the Preliminary Approval Order, the Notice of Class Settlement ("Notice") was sent to all Class Members via first class mail. The notice process was timely completed.

This Court finds that the Agreement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals. The Court further finds that the Agreement is fair, adequate, and reasonable and that Plaintiff has satisfied the standards for final approval of a class action settlement under FRCP 23(e). Under the provisions of Rule 23 of the Federal Rules of Civil Procedure, the trial court has discretion to certify a class where:

> [Q]uestions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy … .

FED. R. CIV. PROC. 23.

Certification of a settlement class is the appropriate judicial device under these circumstances.

Good cause appearing **IT IS HEREBY ORDERED AND ADJUDICATED** as follows:

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Agreement.

2.      The Court has jurisdiction over the subject matter of the litigation, the Class Representative, Settlement Class Members, and Defendant.

3.      The Court finds that the dissemination of the Class Notice to the Class Members by the appointed Settlement Administrator, Phoenix Settlement Administrators, constituted the best notice practicable under the circumstances to all Class Members, and fully met the requirements of FRCP 23(e) and due process under the State and Federal Constitutions.

4.      The Court approves the settlement of the above-captioned action, as set forth in the Agreement, as fair, adequate, and reasonable to the Parties and Class Members. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

5.      Except as otherwise provided in the Agreement, the Parties are to bear their own costs and attorneys' fees.

6.      The Settlement Class is comprised of: all current and former non-exempt employees of DynCorp International who were paid any shift premiums for work at Marine Corps Air Station Miramar, Naval Air Station Lemoore, Naval Air Weapons Station China Lake, Naval Base Ventura County (Pt. Mugu), and National Training Center/Ft. Irwin at any time from August 14, 2018 through November 3, 2022. (Settlement Agreement ¶ 4.). There are 681 Settlement Class Members.

7.      With respect to the Class and for purposes of approving the settlement only and for no other purpose, this Court finds and concludes that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b)

there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the non-exempt claims in the Action; (c) the claims of Class Representative are typical of the claims of Class Members; (d) the Class Representative has fairly and adequately protected the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for Plaintiff in Plaintiff's individual and representative capacities and for the Class Members.

8.    Within ten (10) business days after this Court grants Final Approval of the settlement, Defendant shall deposit the Adjusted Gross Settlement Amount ("Adjusted GSA") of $520,581.98 with the Administrator, pursuant to the terms of the Agreement.

9.    From the Adjusted GSA, the Administrator shall pay:

1.    to Class Counsel attorneys' fees in the amount of $173,527.33 and reimbursement of costs in the amount of $22,141.86;

2.    to Class Representative Ramon Del Fierro for his unique services to the Class, and as consideration for the execution of a general release, the amount of $10,000.00; and

3.    to Phoenix Settlement Administrators the amount of $10,000.00 for its fees and costs in administering the settlement.

10.    The Court finds that these amounts are fair and reasonable. The Administrator is directed to make such payments in accordance with the terms of the Agreement.

11.    The Court approves the Individual Settlement Payment amounts, which shall be distributed by the Administrator pursuant to the terms of the Agreement from the Net Settlement Amount, after payment of those amounts set forth in Paragraphs 54-60 of the Settlement Agreement.

4

12.    The Court hereby orders the parties to implement the terms of the Agreement, including distributing any uncashed settlement checks to the California State Controller's Office in the name of the individual Participating Class Member. (Settlement Agreement ¶ 60).

13.    Given that no Class Members have opted out of this Settlement, all Settlement Class Members are bound by the Agreement, including the release of the Class Released Claims. The Class Representatives shall be bound by the additional general releases provided in the Agreement.

14.    All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff and the Settlement Class Members pursuant to the terms of the Settlement Agreement. Each party shall bear his, her or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Order and as set forth in any other Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings took place concurrently with the hearing for this Order.

15.    This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

///
///
///
///
///
///
///
///
///

16.     The Court hereby enters final judgment in this case in accordance with the terms of the Settlement, Preliminary Approval Order, and this Order. Without affecting the finality of the Settlement or Judgment entered, this Court shall retain exclusive and continuing jurisdiction over the action and the Parties, including all Settlement Class Members, for purposes of enforcing and interpreting this Order and the Settlement.

**IT IS SO ORDERED AND ADJUDGED.**

DATED: May 8, 2024

_____

HON. DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

6